IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | 4:17-CR-00222 |
| Plaintiff, | * * | |
| v. | * * | |
| EZRA EMIL JOHNSON, | * * | ORDER DENYING COMPASSIONATE RELEASE |
| Defendant. | * * | |

Before the Court is Defendant Ezra Emil Johnson's Motion for Compassionate Release, filed on May 26, 2020. ECF No. 107. The Government filed its Resistance on June 10. ECF No. 113. Defendant replied through court-appointed counsel on July 15. ECF No. 118. The matter is fully submitted.

## I. BACKGROUND

In 2018, Defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Defendant's conduct followed a deeply troubling life. His heroin use dated back to his teens and could at least partly be attributed to the encouragement of a family member. ECF No. 73 ¶ 78. His first conviction for heroin distribution was at age nineteen. *Id.* ¶ 58. He was convicted of murder in 1996 and continued to use heroin in prison. *Id.* ¶¶ 59, 98. He returned to selling heroin in 2010, shortly after his release. *Id.* ¶ 60.

The Court thus sentenced Defendant to 132 months' imprisonment followed by four years of supervised release. The Court realized that was a "long time," but felt it "provide[d] just punishment" given Defendant's conduct and record. ECF No. 86 at 23:25–24:2.

Then the virus known as COVID-19 caused a global pandemic, making prison a much more dangerous place than envisioned at sentencing.  This particularly is so for Defendant, whose preexisting medical conditions include moderate asthma and severe obesity.  ECF No. 113 at 3.  Indeed, the Government concedes Defendant's conditions make him "particularly susceptible" to complications from COVID-19.  *Id.*  Defendant thus seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II.  ANALYSIS

### A.  *Exhaustion*

Section 3582(c)(1)(A)'s gatekeeping provision created two ways for a defendant to bring a compassionate release motion to a district court.  The defendant may file a motion after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A).

Here, Defendant satisfied the second option because thirty days have passed since the warden received his compassionate release request.  *See* ECF No. 133-3 at 2 (showing Defendant requested compassionate release on April 27, 2020).  The Government appears to agree Defendant is eligible for compassionate release.  *See also United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (noting the Government can waive or forfeit § 3582(c)(1)(A)'s gatekeeping requirements).  Thus, the Court can consider the merits.

### B.  *Merits*

Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early.  § 3582(c)(1)(A)(i).  Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the

Sentencing Commission." § 3582(c)(1)(A).  This case presents the rare circumstance in which the Government agrees a defendant presents extraordinary and compelling reasons for release through his medical conditions that make COVID-19 complications more likely.  ECF No. 113 at 4.

The Government, however, argues that the § 3553(a) factors—particularly Defendant's conduct and criminal history—cut against release.  *Id.*  In other words, the Government concedes Defendant is eligible for a § 3582(c) sentence reduction but argues the Court should exercise its discretion not to grant one.  *See United States v. Rodd*, No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (citing *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020)).  After much thought and reflection, the Court concludes it must agree.  Defendant's moderate asthma and severe obesity indeed increase the risk of COVID-19 complications.  The Court does not believe that should be just another collateral risk of incarceration.  However, the § 3553(a) factors do not support Defendant's release, thus barring a reduction under § 3582(c)(1)(A).

Defendant pleaded guilty to distributing heroin.  *See* § 3553(a)(1).  This is among the most serious of drug crimes because of heroin's regular involvement in overdose deaths.  *See, e.g.*, *United States v. Robinson*, 892 F.3d 209, 215 (6th Cir. 2018).  Of course, Defendant's conduct must be considered in the context of his *deeply* troubled upbringing and longtime addiction to the narcotic.  ECF No. 73 ¶¶ 78, 98.  Defendant has used the drug regularly since his teens, sometimes on a daily or weekly basis.  *Id.* ¶ 98.

Yet Defendant's addiction cuts both ways.  Although it may minimize his culpability, it also increases the Court's concern.  Defendant's use of heroin appears to be intertwined with his sale of the drug.  His first conviction for distribution was at age nineteen.  *Id.* ¶ 58.  Defendant then spent most of his twenties and early thirties in prison for a 1996 murder conviction.  *Id.*

¶ 59. Defendant continued to use heroin in prison, *id.* ¶ 98, and immediately returned to selling it following his release, *id.* ¶ 60. Prison, even if it is a rather blunt tool, prevents Defendant from selling more heroin and, thus, helps "protect the public" from future harms. § 3553(a)(2)(C).

The "need for the sentence imposed," meanwhile, remains much the same as at sentencing. § 3553(a)(2). As the Court said at the time, 132 months of imprisonment is a "long time," but in this case it "provides just punishment." ECF No. 86 at 23:25–24:2. Defendant has served less than a quarter of his sentence, and the Court is not able to conclude the penological purpose has been served.

Additional prison time hopefully will provide Defendant with further "needed educational or vocational training." § 3553(a)(2)(D). The Court applauds Defendant's use of prison programming so far, *see* ECF No. 113-2, and encourages Defendant to use more still. Defendant said at sentencing he wishes to attend drug treatment, and the Court urges him to follow through on that wish. See ECF No. 86 at 21:18. It also encourages him to work toward developing a sustainable profession. *See* ECF No. 73 ¶¶ 109–14. .

The Sentencing Commission's Guidelines suggested a sentence of 188 to 235 months. The Court varied downward at sentencing with a custodial sentence of 132 months. Given this case's circumstances, the Court is unable to go any further at this time. The § 3553(a) factors do not support Defendant's release, and the Court must deny Defendant's Motion.

### III.  CONCLUSION

For the reasons stated herein, Defendant's Motion for Compassionate Release (ECF No. 107) is DENIED without prejudice.

IT IS SO ORDERED.

Dated this 31st day of July 2020.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT